# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAYLIN BONDS, Individually and on Behalf
of All Others Similarly Situated                                                 PLAINTIFF

v.                      Case No. 3:18-cv-00189-KGB

LANGSTON COMPANIES, INC.                                                DEFENDANT

## ORDER

Before the Court is an unopposed motion for extension of time to file response to plaintiff Jaylin Bonds' motion for conditional certification filed by defendant Langston Companies, Inc. ("Langston") (Dkt. No. 9). Langston requests an extension of time to file a response to Mr. Bonds' motion for conditional certification, for disclosure of contact information, and to send notices for up to and including February 7, 2019 (*Id.*, at 2). Langston also states that the parties agree to toll the statute of limitations for all putative opt-in plaintiffs by 20 days, accounting for the time from which Langston's response would have ordinarily been due to the Court through the agreed 14-day extension (*Id.*, at 2).

Mr. Bonds brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq*. Pursuant to the FLSA, "[a]s a general rule, equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." *Shempert v. Harwick Chemical Corp.,* 151 F.3d 793, 797–98 (8th Cir. 1998). In cases brought under the FLSA, this Court has previously noted that other courts reserve ruling on the issue of equitable tolling prior to or at the notice stage. *See Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 WL 4028523, at *5-6 (E.D. Ark. August 7, 2013); *see also Roco v. Star One Staffing Int'l, Inc.,* No. 4:10CV00030–DPM (E.D. Ark. Nov. 15, 2010) (measuring notice period from date complaint was filed and reserving ruling on

equitable tolling); *Whitehorn v. Wolfgang's Steakhouse,* 767 F. Supp. 2d 445 (S.D.N.Y. 2011) (declining to rule on equitable tolling issue at notice stage).

For good cause shown, Langston's motion is granted to the extent Langston requests an extension of time (Dkt. No. 9). At this stage of the case, the Court declines to decide and reserves ruling on the issue of equitable tolling. Langston shall have up to and including February 7, 2019, to file a response to Mr. Bonds' motion for conditional certification, for disclosure of contact information, and to send notices.

So ordered this the 29th day of January, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge