IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

---

JAYLIN BONDS and HOLLY PRICE,
Each Individually and on
Behalf of All Others Similarly Situated,

    Plaintiffs,

vs.                                                                              NO.  3:18-cv-189-LPR

LANGSTON COMPANIES, INC.,

    Defendant.

---

### JOINT MOTION FOR JUDICIAL APPROVAL OF LIABILITY SETTLEMENT

---

Plaintiffs Jaylin Bonds and Holly Price ("Plaintiffs") and Defendant Langston Companies, Inc. ("Langston" or "Defendant") (together, "the Parties") hereby jointly request the Court to approve the Parties' Proposed Settlement Agreement ("Agreement") and in support thereof state as follows:

#### I.    INTRODUCTION

Plaintiffs and Defendant jointly request that the Court enter an order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiffs' asserted entitlement to damages under the Fair Labor Standards Act ("FLSA").[1]  The Parties have carefully and exhaustively negotiated a settlement in this action.  They have agreed to resolve the disputed factual and legal issues on terms set forth in the Agreement, which is attached hereto as Exhibit 1.

---

[1] As explained herein, an award of fees and costs has not yet been agreed upon between the Parties. If no agreement between the Parties can be reached hereafter regarding the issue of attorneys' fees and costs, the Parties agree that Plaintiffs will file a petition for fees and costs within 14 days of an Order granting this Joint Motion.

The Agreement is fair and should be approved as it provides real monetary relief to Plaintiffs and those who have opted in to join this action ("Opt-In Plaintiffs") for claims asserted by way of this current litigation. The Agreement reflects reasonable compromises of issues actually in dispute, was reached in an adversarial context in which the Plaintiffs and Opt-In Plaintiffs were represented by competent and experienced counsel and is fair and reasonable in its totality. For these reasons, and the reasons set forth more fully below, the Parties jointly request that the Court enter an Order approving the Agreement.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2018, Plaintiffs filed an action in the United States District Court for the Eastern District of Arkansas, on behalf of themselves and other current and former Langston employees, asserting a nationwide collective action for violations of the FLSA, seeking to recover wages and overtime compensation allegedly owed to them due to asserted off-the-clock work. [Dkt. 1].

On April 23, 2019, Plaintiff's filed an Amended Complaint adding Named Plaintiff Holly Price in the FLSA claim and adding individual claims on her behalf for alleged violations of the Equal Pay Act and Title VII. [Dkt. 19]. Langston Answered the Amended Complaint denying liability to the Named Plaintiffs, or any one else on the FLSA allegations and also specifically denied any liability to Holly Price on her EPA or Title VII claims [Dkt. 20]

Parties proceeded to mediation before Magistrate Judge Deere, and as a result, reached the Agreement to resolve all claims, including the FLSA claims, in this litigation on behalf of all Plaintiffs.

## III.     ARGUMENT

**A.     Applicable legal standard.**

2

Employees can settle and release claims under the FLSA in two ways. First, the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*

In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved[]"). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Under *Lynn's Food Stores*, courts examine four factors to determine whether to approve an FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect his or her rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

*Lynn's Food Stores*, 679 F.2d at 1353-54; *Scott v. Titlemax of Tenn., Inc.*, 2015 WL 12516225, at *1-2 (W.D. Tenn. May 8, 2015) (citing these factors and granting parties' joint motion to approve FLSA settlement)

**B.     The Parties' Agreement should be approved.**

In the present case, the Agreement reached by the Parties is fair, reasonable, and should be approved by the Court. First, the proposed settlement arises out of an action for wages and overtime compensation brought by Plaintiffs in court against their employer. After Plaintiffs filed suit, the Parties engaged in motion practice before this Court and discovery. The Parties engaged in mediation facilitated by Magistrate Judge Deere and negotiated the settlement at arm's length and the Agreement reflects reasonable compromises of *bona fide* disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA.

Second, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are both respected in the community and experienced in handling wage and hour collective actions. Plaintiffs' counsel has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' counsel represents and have previously represented employees with claims against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims.

Third, the range of possible recovery in this case was uncertain. The complexity, expense, and likely duration of the litigation (including the pending appeal) should a settlement not have been reached weighs heavily in favor of finding that this Agreement is a reasonable compromise of the issues in dispute. Without question, if the case had not settled, the Parties would have spent significant time and resources litigating this case, including appellate briefing, potential remand, and/or hundreds of individual arbitration proceedings. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' and Opt-In Plaintiffs' claims. Preparation for the Parties' mediation session enabled counsel to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The Agreement eliminates the inherent risks both sides would bear if this case were to continue.

Fourth, the Parties agree that the settlement is fair, just, and adequate to settle the claims of the individual Plaintiffs and Opt-In Plaintiffs. The allocation reached between Plaintiffs was determined using records from Defendant and each Plaintiff or opt-in Plaintiff's itemized back wages and liquidated damages. Plaintiffs and Opt-In Plaintiffs may get nothing if this case were to proceed on appeal, potential remand, and/or arbitration. Even if any Plaintiff or Opt-In Plaintiff were to ultimately prevail, their recovery might not exceed the amount to which they have agreed to settle at this stage.

Fifth, the attorneys' fees and costs to be paid to Plaintiff's Counsel are being negotiated entirely separate from the Total Settlement Payment to be divided among Plaintiffs. Accordingly, Plaintiffs' attorneys' fees and costs will in no way detract from or lessen the amount to be paid pursuant to the Settlement. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiffs will file a petition for fees and costs within 14 days of the

entry of an Order granting this Joint Motion.

Finally, the endorsement of the settlement by counsel for both Parties is a "factor [that] weighs in favor of approval." *Quintanilla v. A & R Demolition Inc.*, No. Civ. A. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).  In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id*. at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of their clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. None of the Parties could reasonably have any level of certainty as to the ultimate probability of success. The Parties have entered into the proposed Agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between Defendant and the Plaintiffs and (current and future) Opt-In Plaintiffs arising out of, or in any way related to, their claims under the FLSA, other wage and hour statutes (including state statutes), and other existing claims.  Under these circumstances, the settlement is fair, reasonable, and adequate.

## IV.   CONCLUSION

The Parties believe that the Agreement reached is a fair and reasonable compromise of the respective positions of the Parties. Approval of the Agreement will "secure the just, speedy and inexpensive determination" of these actions in accordance with FED. R. CIV. P. 1. Accordingly, the Parties respectfully request that this Court enter an Order approving the Parties' Agreement.

/s/ Daniel Ford
Daniel Ford (ARK # 2014162)
Josh Sanford (ARK # 2001037)
**SANFORD LAW FIRM, PLLC**
One Financial Center
650 South Shackleford, Suite 411
Little Rock, AR 72211
Telephone (501) 221-0088
Facsimile (888) 767-2040

*Attorneys for Plaintiffs*

/s/ Robert D. Meyers
Robert D. Meyers (ARK # 2005008)
Aubrey B. Greer (TN # 35613)
**GLANKLER BROWN, PLLC**
6000 Poplar Ave., Suite 400
Memphis, Tennessee 38119
Telephone: (901) 576-1715
rmeyers@glankler.com
agreer@glankler.com

*Attorneys for Defendant, Langston Companies, Inc.*