IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAYLIN BONDS**                                                                                          **PLAINTIFFS**
*Individually and on Behalf of all Others Similarly Situated*

v.                                      Case No. 3:18-cv-00189-LPR

**LANGSTON COMPANIES INC**                                                         **DEFENDANT**

### ORDER

Before the Court is the parties' Joint Motion for an Order Approving Liability Settlement of an FLSA Claim. (Docs. 69, 71). In their Motion, the parties state (and now the Court finds) that this is a two-plaintiff putative opt-in collective Fair Labor Standards Act ("FLSA") action in which there are 104 opt-in Plaintiffs. The parties are seeking an Order approving the agreed upon resolution reached between them to release and resolve all claims relating to this case, except for attorneys' fees.

I am unsure that review and approval of the settlement is necessary or appropriate here. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (collecting cases, acknowledging a circuit split, and leaving the question open). But I certainly acknowledge the unsettled state of the relevant caselaw. *Id.* Further, I understand the reasonable desire of the parties for judicial review and approval of the settlement—a desire that flows directly from the unsettled nature of the relevant caselaw. Since both parties desire my review and approval of the settlement, and under the specific circumstances of this case, I will proceed with such review and (if warranted) approval.

Plaintiff Jaylin Bonds filed this lawsuit in the United States District Court for the Eastern District of Arkansas on October 5, 2018. (Doc. 1). On April 23, 2019, the Complaint was

amended to add Plaintiff Holly Price.  (Doc. 23).  The Amended Complaint alleges that Defendant violated Plaintiffs' rights under the FLSA.  More specifically, Plaintiffs claim that Defendant failed to pay them and other employees for all the hours they worked and overtime compensation to which they were entitled.  Through the instant Joint Motion, the parties stipulate that there is a *bona fide* dispute regarding Plaintiffs' assorted entitlement to damages under the FLSA.  The Court agrees.

It became clear to the parties that there were a number of issues that were still in dispute that would need to be decided at trial.  Recognizing the risky nature of continued litigation, along with the inability to predict the outcome of the case, the parties engaged in settlement discussions.  After mediation before Magistrate Judge Deere, the parties reached a fair compromise regarding Plaintiffs' claims and have determined that a resolution in this case and at this juncture greatly outweighs the risks and costs on both sides in going forward with the litigation.  Moreover, Plaintiffs have acknowledged that they understand that the monetary consideration being paid in the parties' agreed settlement makes them whole.  Likewise, Defendant understands the risks of proceeding with the litigation and believes the consideration it is agreeing to pay in the proposed settlement is fair and reasonable given the totality of the circumstances.

The Court notes as part of its analysis that the agreed-upon resolution was achieved in an adversarial context, between experienced counsel who have agreed to the settlement and state that it is a fair and reasonable compromise over the disputed issues.  Because the resolution reached by the parties was negotiated at arm's length by experienced counsel, and the parties submit to the Court that the terms of the resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the parties with respect to their relative positions under the

FLSA, the Court approves the settlement.[1] Moreover, the payment to the opt-in Plaintiffs also makes them whole. Finally, the Court notes that the settlement agreement does not contain any confidentiality provisions.

IT IS THEREFORE ORDERED that the settlement reached between the parties is **APPROVED** with the only caveat being set forth in footnote 1 of this Order. Plaintiffs are ordered to file their motion for attorney's fees within 14 days of the entry of this Order. This case is hereby **DISMISSED** with prejudice.

IT IS SO ORDERED this 16th day of March 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT

---

[1] The Court's only apprehension about the settlement centers on the opt-in Plaintiffs that received $0 from the settlement. Because they are receiving no compensation, the Court does not believe it equitable or reasonable for them to be required to release any FLSA or state wage-and-hour claims except for those claims that were brought or should have been brought in the instant litigation. The broader release language of the settlement is only equitable and reasonable with respect to the named Plaintiffs and the opt-in Plaintiffs that will receive some compensation above $0. Accordingly, the Court's "blessing" or approval of the settlement with respect to opt-in Plaintiffs that do not receive any compensation extends only to the narrow release described in this footnote and not the broader release described in the settlement. The Court understands this caveat does not alter the parties' desire to enter into this agreement and to have the case dismissed. If the Court is wrong about that, it invites one or more of the parties to file a motion to revive the case.