IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAYLIN BONDS AND HOLLY PRICE,
Each Individually and on Behalf of
All Others Similarly Situated                                                  PLAINTIFFS

v.                         Case No.: 3:18-CV-00189-LPR

LANGSTON COMPANIES, INC.                                                       DEFENDANT

## ORDER

The Plaintiffs brought this collective action under the Fair Labor Standards Act (FLSA).[1] This Court entered an Order Approving Liability Settlement of the FLSA Claims, which awarded Plaintiffs $20,000.[2] Now before the Court is Plaintiffs' Motion for Costs and Attorneys' Fees and Brief in Support seeking $40,264.25 in fees and $3,149.03 in costs.[3] This motion is GRANTED in part and DENIED in part. Based on the reasoning below, the Court awards $20,183.00 in fees and $3,149.03 in costs.

## BACKGROUND

Named Plaintiff Jaylin Bonds filed this suit alleging that Langston Companies, Inc. ("Langston") short-changed its employees by improperly rounding the time that they worked in violation of the FLSA.[4] Named Plaintiff Holly Price joined the case asserting the same FLSA claim.[5] Prior to reaching a settlement agreement, Plaintiffs filed a variety of preliminary documents including a Motion for Conditional Certification, several Consents to Join, a Pretrial

---

[1] Other claims were asserted in the Original and Amended Complaints, Docs. 1 and 19, but only the FLSA claims are relevant to this Motion for Attorneys' Fees and Costs.

[2] Ex. 1 to Joint Mot. to Approve Settlement (Doc. 69-1) at 7; Order Approving Joint Mot. to Approve Settlement (Doc. 73).

[3] Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74); Pls.' Br. in Supp. of its Mot. for Costs and Att'ys' Fees (Doc. 75).

[4] Compl. (Doc. 1).

[5] First Am. Compl. (Doc. 19).

Disclosure Sheet, and a Trial Brief.[6] At the parties' request, this Court approved their settlement agreement, which awarded Plaintiffs $20,000.[7]

Now, Plaintiffs' counsel, Sanford Law Firm (SLF), has filed this motion seeking $40,264.25 in attorneys' fees and $3,149.03 in costs for its work performed in this case. SLF relied on the lodestar method to calculate the fees to which SLF claims it is entitled.[8] SLF seeks fees for the following activities: Case Management ($1,009.00 for 4.80 hours); Client Communication ($6,051.00 for 29.90 hours); Collective Action Management ($2,260.00 for 15.80 hours); Complaint/Summons/Service ($340.50 for 1.40 hours); Court Communication ($266.50 for 1.10 hours); Deposition Related ($4,750.00 for 21.40 hours); Discovery ($2,530.50 for 14.70 hours); Fee Petition ($3,520.00 for 12.80 hours); Hearing ($207.00 for 0.60 hour); In-House Conferences ($7,720.00 for 31.80 hours); Motion for Certification ($2,484.25 for 10.65 hours); Opposing Counsel Communication ($3,340.00 for 13.90 hours); Settlement Related ($3,802.50 for 17.00 hours); and Trial Preparation ($1,983.00 for 8.60 hours).[9] SLF also requests $3,149.03 in costs including postage, online research, court fees, and travel expenses.[10]

Langston opposes SLF's motion, arguing that SLF overstated the time and expense of drafting, overstaffed the case, held excessive "in-house conferences," charged too high of an hourly rate, provided vague descriptions for its entries, and included staff work that is not

---

[6] Pls.' Mot. to Certify Class (Doc. 7); Pretrial Disclosure Sheet (Doc. 64); Trial Br. (Doc. 65).

[7] Joint Mot. to Approve Settlement (Doc. 69); Ex. 1 to Joint Mot. to Approve Settlement (Doc. 69-1); Order Approving Joint Mot. to Approve Settlement (Doc. 73).

[8] SLF applied its own reductions to the overall time billed. Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74) at 3. Good. Lawyers are ethically obligated not to include unjustified hours in their attorneys' fees ask. This self-imposed reduction has no bearing on the Court's ultimate fee determination in this case. The Court will only consider the final number requested by SLF.

[9] Pls.' Br. in Supp. of Mot. for Att'ys' Costs and Fees (Doc. 75) at 16.

[10] Ex. 3 to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 74-3).

compensable.[11]   Langston also objects to SLF's request for costs related to making copies for notice mailing and TLO searches.[12]

## DISCUSSION

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[13] To determine a reasonable attorneys' fees award, the Eighth Circuit directs district courts to use the lodestar method wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[14]   The resulting product serves as the lodestar—a starting point that may be adjusted "upward or downward on the basis of the results obtained."[15]

The court should reduce the lodestar to "'exclude hours that were not reasonably expended from its calculations.'"[16]   A court "'also may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 [(5th Cir. 1974)].'"[17]   The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[18]

---

[11] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76).

[12] *Id.* at 19 n.19.

[13] 29 U.S.C. § 216(b).

[14] *Vines v. Welspun Pipes Inc.*, No. 20-2168, 2021 WL 3640219, at *4 (8th Cir. Aug. 18, 2021).

[15] *Dean v. Bradford Estates, LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (citing *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)).

[16] *Vines*, 2021 WL 3640219, at *4 (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[17] *Vines*, 2021 WL 3640219, at *4 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983)).

[18] *Hensley*, 461 U.S. at 430 n.3.

When calculating the lodestar, "a district court maintains substantial discretion in deciding the number of hours to be awarded to the prevailing party's lawyers"[19] and "'will not be reversed absent an abuse of discretion.'"[20]

The parties here don't dispute that Plaintiffs prevailed in this case pursuant to the settlement agreement and their attorneys are therefore entitled to reasonable attorneys' fees and costs. The question is whether the amounts claimed by SLF are reasonable. SLF asks for $40,264.25 in attorney's fees and $3,149.03 in costs.[21] Defendant says the award of fees should be reduced by at least half and the award of costs by about a quarter.[22]

### A. Reasonable hourly rate

For hourly rates, SLF requests $345 an hour for Josh Sanford; $275 an hour for Anna Stiritz; $275 an hour for Vanessa Kinney; $225 an hour for Daniel Ford; $225 an hour for Stacy Gibson; $200 an hour for April Rhéaume; $175 an hour for Thomas Odom; $100 an hour for Paralegal; $100 an hour for Law Clerk; and $60 an hour for Staff.[23] Defendant argues that these hourly rates should be significantly lower.[24]

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"[25] In the case at bar, the requested hourly rates for the attorneys and law clerk exceed the prevailing market rate.

---

[19] *Dean*, 2020 WL 8642227, at *1 (citing *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014)).

[20] *Ghess v. Kaid*, No. 2:19-CV-00021-KGB, 2021 WL 3891561, at *2 (E.D. Ark. Aug, 31, 2021) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).

[21] Pls.' Mot. for Att'ys' Costs and Fees (Doc. 74) at 3.

[22] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 19 n.19.

[23] Pls.' Br. in Supp. of Mot. for Att'ys' Costs and Fees (Doc. 75) at 11.

[24] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 15–16.

[25] *Beauford v. ActionLink, LLC*, No. 4:12-CV-00139-JLH, 2014 WL 183904, at *3 (E.D. Ark. Jan. 15, 2014) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)).

Judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ for Mr. Sanford and $200+ for more junior attorneys.[26] Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following rates to be reasonable: $250 an hour for Sanford and Stiritz; $175 for Kinney, Gibson, and Ford; $150 for Rhéaume and Odum. The Court also rejects the billing rate of $100 per hour for law clerks. The customary rate charged for such services is $25.00 per hour.[27]

### B. Reasonable number of hours worked

SLF claims that it is entitled to fees for 184.45 hours of work performed by its attorneys and staff in this case.[28] Defendant objects that SLF (1) overstated the time and expense of drafting; (2) overstaffed the case and billed for too many "in-house conferences;" (3) improperly billed for staff work; (4) and provided vague entries.[29] The Court addresses each objection in turn.

### 1. Overstated the time and expense of drafting

Defendant argues that SLF only submitted three substantive filings of any significance that are eligible for fees: the original Complaint, the Motion for Conditional Certification, and the

---

[26] *Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRW, slip op. at 9–10 (E.D. Ark. Sept. 8, 2021) (holding $250 as a reasonable hourly rate for Sanford and Stiritz; $175 for Kinney and Gibson; $150 for Ford and Rhéaume); *Ghess*, WL 3891561 at *4 (reducing the following hourly rates by 25 percent: $325 for Sanford and $225 for Kinney); *Skender v. Eden Isle Corp.*, No. 4:20-CV-00054-BRW, WL 2964991, at *4 (E.D. Ark. July 14, 2021) (awarding $250 an hour instead of the requested $383); *Smith v. Om Purshantam, LLC*, No. 4:18-CV-00797-KBG, 2021 WL 1230468, at *3 (E.D. Ark. Mar. 31, 2021) (rejecting Mr. Sanford's requested $325 hourly rate as the prevailing market rate for wage-and-hour cases in the Eastern District of Arkansas); *Aubrey v. Zamam, LLC*, No. 4:17-CV-00446-JLH, slip op. at 2 (E.D. Ark. Nov. 29, 2018) (finding $275 instead of the requested $325 as a reasonable hourly rate for Mr. Sanford); *Perez v. Mian Enters., Inc.*, No. 2:17-CV-02162, 2018 WL 10394810, at *2 (W.D. Ark. Oct. 26, 2018) (determining a reasonable hourly rate for Mr. Sanford to be $275 instead of the requested $325).

[27] *Bryan v. Mississippi Cty.*, No. 3:18-CV-00130-DPM, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020) (reducing the hourly rate for law clerks to $25); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *2 (W.D. Ark. Dec. 3, 2018) (same).

[28] Ex. 2 to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 74-2) at 6.

[29] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 9–19.

Motion for Attorney Fees and Costs.[30] SLF billed 24.85 hours for these filings.[31] Langston claims that SLF repurposed these filings from other cases, making only cosmetic changes to them.[32]

The 1.40 hours billed for the original Complaint is reasonable. But the Court agrees that the time billed to prepare the Motion for Certification (10.65 hours) is excessive given SLF's extensive experience litigating FLSA cases and preparing related motions.[33] This was a fairly run-of-the-mill case. SLF's filings were not complex and they bear a fair resemblance to SLF's filings in prior cases. The sheer number of FLSA cases litigated by SLF means that drafting these documents should have taken much less time than the amount billed. Additionally, the 12.80 hours billed to prepare the Motion for Attorneys' Fees and Costs is too high. This is especially true considering a substantial portion of that time was spent adjusting SLF's billing spreadsheet that has nearly 1,400 entries, many of which SLF voluntarily deducted recognizing that they were unreasonable. Maintaining such a large spreadsheet with unnecessary entries wastes time, which Langston doesn't have an obligation to cover.

After reviewing the time records line by line, the Court concludes that only 12.40 hours (5 hours for the Motion for Attorneys' Fees and Costs, 6 hours for the Motion for Certification, and 1.40 hours for the Complaint) may reasonably be included in the lodestar calculation for these filings.[34]

---

[30] Compl. (Doc. 1); Pls.' Mot. to Certify Class (Doc. 7); and Pls.' Mot. for Att'ys' Costs and Fees (Doc. 74).

[31] Pls.' Br. in Supp. of Mot. for Att'ys' Costs and Fees (Doc. 75) at 16.

[32] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76 ) at 10.

[33] Ex. 2 to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 74-2) at 2 ¶ 9 ("There is no group of attorneys within 1,000 miles of Little Rock who have experience comparable to Sanford Law Firm in wage litigation."); *Davis v. Klenk*, No. 3:12-CV-115-DPM, 2012 WL 5818158, at *2 (E.D. Ark. Nov. 15, 2012) (reducing attorneys' fees because the time billed to create a form complaint and a mostly recycled fee motion was too high).

[34] Considering judges in other cases have only awarded three hours for similar filings, this is a generous award that credits SLF more than enough time for drafting these filings. *Smith*, 2021 WL 1230468, at *5 (reducing SLF's fee petition request for 10.3 hours by 75 percent); *Hill-Smith v. Silver Dollar Caberet, Inc.*, No. 5:20-CV-5051, 2020 WL 4741917, at *3 (W.D. Ark. Aug 14, 2020) (reducing SLF's fee petition request for 5 hours to 3 hours).

### 2. Overstaffed the case and excessive "in-house conferences"

Given the straight-forward nature of Plaintiffs' FLSA claims, Defendant argues that two moderately experienced attorneys instead of the ten that were employed in this case would've been sufficient.[35] Defendant further argues that having numerous lawyers on the case contributed to an excessive amount of time billed for "in-house conferences."[36] While the Court understands how having many lawyers on a single case can be strategic—each may have their own unique expertise like SLF claims—staffing ten attorneys on a case will inevitably lead to significant inefficiencies and unnecessary and duplicative work.[37] SLF can't pass costs incurred as a result of overstaffing on to Langston.[38]

After reviewing the time entries line by line, the Court concludes that the best way to account for inefficient use of time as a result of overstaffing (including unnecessary "in-house conferences") is to make a 10% reduction of total time expended when calculating the lodestar.[39]

---

[35] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 12–13.

[36] *Id.* at 13–15.

[37] *Hill-Smith*, WL 4741917, at *3 ("The Sanford Law Firm may choose to have Mr. Sanford personally oversee every aspect of run-of-the-mill motion practice requiring no court appearance, but it will not be permitted to pass the associated costs of doing so on to Defendants."); *Beasley v. Macuil's Tire & Serv. Ctr., LLC*, No. 4:19-CV-00471, 2020 WL 3472556, at *2 (E.D. Ark. June 25, 2020) ("The time records are replete with instances of objectionable billing practices, including an excess of intraoffice communications, duplicate documents reviews by multiple lawyers, billing at lawyers' rates for clerical work, etc."); *Dean*, 2020 WL 8642227, at *2 ("SLF's billing spreadsheet shows that eleven different lawyers, as well as five support staff members, worked on this fairly routine case . . . . SLF may consider it prudent to tightly manage its associates, but defendants will not be forced to bear the cost of that approach."); *Murdock*, 2018 WL 6314569, at *2 (awarding fees for only two out of nine attorneys who submitted billable time).

[38] *Id.*

[39] This 10% reduction is an extremely modest haircut for what are serious overstaffing problems. The Court would've been well within its range of discretion to discount a more significant amount than 10%.

### 3. Improperly billed for staff time

Defendant complains that staff work is clerical work rather than legal work and therefore is not compensable.[40] Because the Court agrees, it excludes staff time from the lodestar calculation.[41]

### 4. Time entries are vague

Defendant claims that SLF's vague time entries make it impossible to determine whether compensable value was added.[42] The Court finds SLF's descriptions to be sufficient to determine whether the entries are reasonable with one exception—client communications. SLF requested $6,051.00 in fees for client communications, which makes up 15% of its total fee request. However, SLF redacted the description for every single client communication leaving the Court with no way to evaluate these entries. While the Court appreciates the importance of maintaining confidentiality, SLF's redactions make it impossible for the Court to determine the reasonableness of the entries. As a result, the Court has excluded these requested fees from the lodestar.[43]

### C. Lodestar calculation and discount

The lodestar calculation in this case is $20,183.00. The Court calculated this amount by multiplying the number of hours expended by SLF's lawyers, law clerks, and paralegals times the reasonable hourly rates for those persons. After deducting overstated time for drafting (12.45 hours) as discussed in section B(1), staff time (10.50 hours) as discussed in section B(3), and client communications (29.90 hours) as discussed in B(4), the total hours expended come to 131.60

---

[40] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 17–18.

[41] *Smith*, 2021 WL 1230468, at *5 ("Secretaries' salaries come within a firm's overhead. Secretarial work on a case should not be billed to a client, nor to an opposing party in a fee-shifting case.") (quoting *Beauford*, 2014 WL 183904, at *4).

[42] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 18–19.

[43] SLF may, if it chooses, file a motion for reconsideration with unredacted descriptions (filed *ex parte* and under seal) for its time spent on client communications. If it does so, the Court will re-evaluate this category. *Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").

hours. This total is further discounted by 10% to account for the overstaffing problems (including excessive "in-house conferences"), which leaves 118.44 hours. The total time expended is divvied up proportionally[44] as follows:

| Billed By | Time Expended | Hourly Rate | Fees Awarded |
|---|---|---|---|
| Anna Stiritz | 0.82 | $250 | $205.00 |
| Josh Sanford | 13.38 | $250 | $3,345.00 |
| Vanessa Kinney | 8.72 | $175 | $1,526.00 |
| Stacy Gibson | 2.25 | $175 | $393.75 |
| Daniel Ford | 67.68 | $175 | $11,844.00 |
| April Rhéaume | 13.69 | $150 | $2,053.50 |
| Thomas Odum | 1.16 | $150 | $174.00 |
| Law Clerk | 5.79 | $25 | $144.75 |
| Paralegal | 4.97 | $100 | $497.00 |
| Grand Total | 118.46[45] | | $20,183.00 |

Pursuant to this calculation, the lodestar in this case is $20,183.00. Given the monetary award to Plaintiffs under the settlement agreement and the run-of-the-mill nature of this case, the Court finds this amount of attorneys' fees to be reasonable. So, no further discount is necessary. Certainly, no enhancement is necessary.

---

[44] Time is divided proportionally based on the table provided in SLF's Brief in Support of its Motion for Attorneys' Fees and Costs. Pls.' Br. in Supp. of Mot. for Att'ys' Costs and Fees (Doc. 75) at 11. Here's a step-by-step explanation as to how the Court divvied up the time. First, the Court determined the total number of hours billed by Anna Stiritz, Josh Sanford, Vanessa Kinney, Stacy Gibson, Daniel Ford, April Rhéaume, Thomas Odum, law clerk, and paralegal. That sum was 173.95 hours. Second, the Court calculated the percentage of hours that SLF billed for each person. For example, SLF billed 99.40 hours for Daniel Ford, which is 57.14% (99.40/173.95 x 100 = 57.14) of the total time billed. The Court calculated the following percentages: Anna Stiriz (0.69%); Josh Sanford (11.30%); Vanessa Kinney (7.36%); Stacy Gibson (1.90%); Daniel Ford (57.14%); April Rhéaume (11.56%); Thomas Odum (0.98%); Law Clerk (4.89%); and Paralegal (4.20%). Third, the Court multiplied each person's percentage by the 118.44, the total number of hours expended that the Court determined was reasonable. Fourth, it multiplied each person's adjusted number of hours expended by the hourly rate that the Court determined was reasonable to determine the fees awarded. Fifth, it added up each fee award to determine a grand total.

[45] The Court rounded up to the nearest hundredth when calculating the time expended, which explains the 0.02 discrepancy between 118.46 and 118.44.

**D. Costs**

SLF seeks $3,149.03 in costs.[46] Defendant objects that the cost of copies is excessive and the TLO searches were unnecessary.[47] The Court disagrees. Given the demands of this collective action case, the costs incurred by SLF in this case are reasonable.

## CONCLUSION

The demands and complexities of this case do not justify the high number of billable hours claimed by SLF.[48] Based on its lodestar calculation, the Court awards SLF $20,183.00 in attorneys' fees and $3,149.03 in costs. Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 9th day of September 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[46] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74-3) at 1–3.

[47] Def.'s Opp'n to Pls.' Mot. for Att'ys' Costs and Fees (Doc. 76) at 19 n.19.

[48] On more than one occasion, judges in this District have admonished SLF for ambulance-chasing. *Vines*, No. 4:18-CV-00509-BRW, slip op. at 2–3; *Murdock*, 2018 WL 6314569, at *1. I agree with much of the criticism voiced, but am unsure that it is aimed at the right target. It is hard to believe that Congress failed to grasp that the FLSA would result in the precise conduct of which my colleagues complain. It is much easier to believe that Congress was intentionally encouraging such conduct or at least willing to live with such conduct as the price of supercharging private enforcement of the FLSA.