IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAYLIN BONDS AND HOLLY PRICE,
Each Individually and on Behalf of
All Others Similarly Situated                                                                      PLAINTIFFS

v.                              Case No.: 3:18-cv-00189-LPR

LANGSTON COMPANIES, INC.                                                                          DEFENDANT

## ORDER

This case involves a collective action under the Fair Labor Standards Act (FLSA). This Court entered an Order Approving Liability Settlement of the FLSA Claims, which awarded Sanford Law Firm (SLF) $20,000.[1] SLF filed a Motion for Costs and Attorneys' Fees seeking $40,264.25 in fees and $3,149.03 in costs.[2] This Court entered an Order awarding $20,183.00 in fees and $3,149.03 in costs.[3] In that Order, this Court denied SLF's request for fees related to client communications because the descriptions of these communications were fully redacted, leaving the Court with no way to evaluate them.[4] The Court explained that SLF could ask the Court to reconsider its decision and file the entries related to client communications under seal and *ex parte*.[5] SLF filed the present Motion for Limited Reconsideration *ex parte* with the unredacted and sealed client communications entries attached.[6] SLF requests that the Court award $6,051.00

---

[1] Ex. 1 to Joint Mot. to Approve Settlement (Doc. 69-1) at 7; Order Approving Joint Mot. to Approve Settlement (Doc. 73).

[2] Pls.' Mot. for Costs and Att'ys' Fees (Doc. 74).

[3] Order (Doc. 79) at 1.

[4] *Id.* at 8.

[5] *Id.* at 8 n. 43.

[6] Pls.' Mot. for Limited Reconsideration of Order (Doc. 80); Ex. 1 to Pls.' Mot. for Limited Reconsideration of Order (Doc. 80-1).

1

in fees for a total of 29.6 hours of time billed related to client communications. Based on the reasoning below, the Court awards $3,307.50 in additional fees.

Langston opposes SLF's Motion for Limited Reconsideration.[7] Langston argues that the requested hourly rates should be adjusted to match the rates set by the Court in its initial Order, and contends that nearly 30 hours of client communication is excessive considering the case settled early on and there was limited need for communication between Plaintiffs and their counsel.[8] The Court agrees with Langston on both points.

To determine a reasonable attorneys' fees award under the FLSA, the Eighth Circuit directs district courts to use the lodestar method wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[9] The resulting product serves as the lodestar—a starting point that "may be adjusted upward or downward on the basis of the results obtained."[10] The court should reduce the lodestar to "exclude hours that were not reasonably expended from its calculations."[11]

SLF requests the following hourly rates for those staffed on this case: $345 for Sanford; $275 for Stiritz; $225 for Ford and Gibson; $200 for Rhéaume; $175 for Odom; $100 for law clerk and paralegal.[12] Aside from the paralegal rate, these rates do not reflect the rates that the Court found to be reasonable in its initial Order. Based on its experience, knowledge of the local market,

---

[7] Def.'s Opp'n to Pls.' Mot. for Limited Reconsideration of Order (Doc. 84).

[8] *Id.* at 3–5.

[9] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021).

[10] *Dean v. Bradford Estates, LLC*, No. 4:19-cv-748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (internal quotation marks omitted) (citing *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)).

[11] *Vines*, 9 F.4th at 855 (citation omitted).

[12] Ex. 1 to Pls.' Mot. for Limited Reconsideration of Order (Doc. 80-1).

and this District's precedent, the Court found the following rates to be reasonable: $250 an hour for Sanford and Stiritz; $175 for Gibson and Ford; $150 for Rhéaume and Odom; $100 for paralegal; and $25 for law clerk.[13]  Those same rates apply here.

The Court also finds that 29.6 hours of client communications to be unreasonable.  After going line-by-line through the times entries submitted by SLF, the Court found 21.35 to be the appropriate number of hours reasonably expended in this case.  The Court excluded vague, excessive, and duplicative entries in reaching its conclusion.  The table below shows how the Court divvied up the reasonably expended time and includes the correct hourly rates:

| Billed By[14] | Time Expended | Hourly Rate | Fees Awarded |
|---|---|---|---|
| Anna Stiritz | 1.20 | $250 | $300.00 |
| Daniel Ford | 9.30 | $175 | $1,627.50 |
| April Rhéaume | 5.75 | $150 | $862.50 |
| Thomas Odom | 0.30 | $150 | $45.00 |
| Paralegal | 4.70 | $100 | $470.00 |
| Law Clerk | 0.10 | $25 | $2.50 |
| Grand Total | 21.35 hours | | $3,307.50 |

Pursuant to this calculation, the lodestar in this case is $3,307.50.  Given that this run-of-the-mill case settled fairly quickly, the Court finds this amount of attorneys' fees to be reasonable.  So, no further discount nor enhancement is necessary.  SLF's Motion for Limited Reconsideration is GRANTED in part and DENIED in part.  The Court awards SLF an additional $3,307.50 in fees.

---

[13] Order (Doc. 79) at 9.

[14] Because the Court found all of the requested entries submitted for attorneys, Sanford and Gibson, to be vague, excessive, or duplicative, no fees are attributed to them.

IT IS SO ORDERED this 7th day of December 2021.

                                                                                       _____
                                                                                       LEE P. RUDOFSKY
                                                                                       UNITED STATES DISTRICT JUDGE